# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5918 | **DATE** | 11/6/2002 |
| **CASE TITLE** | Avemco Ins Co. vs. Arendt et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant plaintiff's motion (Doc 14-1) for summary judgment and declare that Avemco has no duty to defend or indemnify Keith Arendt, Kent Arendt, Executive Agent, Inc. or any other person or entity claiming to be covered under the insurance policy concerning the 1961 Piper PA-24-250 aircraft which crashed on May 28, 2001. Also, Policy No. NC-000107827700 is rescinded and void *ab initio*.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 34 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 02 NOV -6 PM 2:18 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |


AVEMCO INSURANCE COMPANY,  )
)
        Plaintiff,  )
)
vs.  )  01 C 5918
)
KEITH ARENDT; THE ESTATE OF KENT  )
ARENDT, deceased; EXECUTIVE AGENT,  )
INC., an Illinois corporation; NICHOLAS R.  )
CASPER, Special Administrator of the Estate of  )
Cindy D. Casper, deceased; and THE ESTATE  )
SYLVIA ORDONEZ, deceased.  )
)
        Defendants.  )

### MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Plaintiff Avemco Insurance Company's ("Avemco") motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment.

### BACKGROUND

This case involves a crash of a 1961 Piper PA-24-250 aircraft on May 28, 2001, which was piloted by Kent Arendt who was an employee of Executive Agent, Inc. ("Executive"). Kent Arendt and two passengers were fatally injured as a result of the

34

crash. Defendant Nicolas Casper ("Casper") brought a wrongful death and survival action against Executive in the Circuit Court of Cook County, Illinois for the death of Cindy Casper. Keith Arendt ("Arendt") and Executive have demanded that Avemco defend them from the claims asserted by Casper and provide coverage to them pursuant to the provisions of an insurance policy issued to Arendt that was effective April 2, 2001. Avemco brought this action to declare the rights of the parties with respect to the policy.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations

in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole in a light most favorable to the non-moving party and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I. Cancellation of Policy

Avemco claims that the Arendt's policy was properly cancelled on May 5, 2001, which was 23 days before the accident occurred. Arendt does not dispute Avemco's assertion that it followed the proper procedures and abided by the proper time requirements for canceling the policy. Neither does Arendt claim that the premium was paid prior to the policy cancellation. Instead Arendt argues that Avemco should be estopped from claiming that the policy was cancelled prior to the accident on May 28.

The estoppel argument is based on the deposition of Keith Arendt in which he claims that he spoke to someone from Avemco on the phone sometime in May prior to the accident and they allegedly told him the plane would be covered on the trip. Defendants have provided no evidence or phone records to show that the call actually occurred.

It is Avemco's policy to memorialize any such conversations concerning policy coverage and no such conversation is listed on Avemco's records. Arendt does not deny that Avemco sent him a notice dated April 20, 2001 stating that his policy would be cancelled on May 5, 2001 if his premiums were not paid. Nor does Arendt deny that Avemco sent him a letter dated May 23, 2001 stating that the policy was "no longer in force." Arendt claims that he does not remember who he talked to or what day it was. He states only that he believes that someone at Avemco told him his plane would be covered for the trip. When asked if he had any sort of evidence to support his claim that the call occurred, he replied that he did not. Also, after the accident on June 1, 2001, counsel for Arendt contacted Avemco and indicated that Arendt would be sending a money order to reinstate the policy, and on June 2, 2001 the money order was sent to Avemco. Avemco returned the money order stating that the policy would not be reinstated.

We have before us ample evidence that Defendants followed all the prescribed procedures of notification for cancelling the policy and that Arendt did not try to pay the premiums until after the accident. On the other hand, we have an unsubstantiated declaration by Arendt claiming that some person at Avemco told him at some point in time that his policy was still valid and that he believed the person at Avemco, despite the fact that Arendt had received notification of the cancellation of his policy. Therefore, no reasonable jury could find for Defendants.

Arendt also argues that Avemco should be estopped because Avemco sent multiple letters to Arendt prior to the accident which confused Arendt and made it unclear as to whether the policy was cancelled. Avemco sent a letter to Arendt on April 2, 2001 which dealt with the possible renewal of the policy. Avemco also sent a letter dated April 3, 2001 to Arendt indicating a payment date of April 13. On April 20, 2001 Avemco sent the notification of cancellation, informing Arendt that the policy would be cancelled on May 5, 2001. Finally Avemco sent Arendt a letter dated May 23, 2001, stating that policy "is no longer in force" and indicating that the amount requested was the balance owed on the policy. The April 2 letter concerned a possible renewal of the policy rather than the current payment of premiums. The April 3 letter dealt with a premium payment due on April 13. When Arendt received the April 20, letter he was clearly informed that the policy would be cancelled on May 5. The

May 23 letter confirmed the May 5 letter indicating that the policy was "no longer in force." Therefore, no reasonable jury could find for Arendt based on a confusion caused by the receipt of multiple letters from Avemco in the months prior to the accident.

Arendt also claims that there was confusion because Avemco allegedly told Arendt that he had premium credits from premiums paid for Arendt's other plane that was no longer in use. Arendt also claims that it was not clear what premiums were owed because Avemco improperly charged Arendt premiums and told Arendt not to pay attention to statements mailed to him because Avemco was having computer difficulties. To support these claims Arendt offers only his uncorroborated self-serving testimony. Arendt also points out that Avemco applies premiums for thirty days even though an aircraft may be flown for less than thirty days during the policy period. The thirty day minimum requirement has been in effect for fifteen years and the standard practice by Avemco is to notify a customer when he calls for short-term coverage that the minimum charge would be for thirty days. Arendt has failed to offer evidence on which a reasonable jury could find that there was a confusion as to what premiums were owed or that any supposed confusion justifies estopping Avemco from asserting that the policy was canceled.

II. Fraudulent Misrepresentation

Avemco also claims that it has no duty to provide a defense or indemnify the Defendants because Arendt obtained the policy through fraud. Under Illinois law a misrepresentation by the insured shall not invalidate the policy unless: 1) the misrepresentation is "stated in the policy or endorsement or rider attached thereto, or in the written application therefore," and 2) the "misrepresentation is made with actual intent to deceive *or* materially affects either the acceptance or the risk or the hazard assumed by the company." 215 ILCS § 5/154 (emphasis added). Thus, even a misrepresentation made in good faith without an intent to deceive can invalidate a an insurance contract if the misrepresentation is a material one. *Id.*; *Golden Rule Ins. Co. v. Schwartz*, 751 N.E.2d 123, 128 (Ill. App. Ct. 2001). Under Illinois law a misrepresentation is defined as a "statement of something as a fact which is untrue and affects the risk undertaken by the insurer." *Ratcliffe v. International Surplus Lines Ins. Co.*, 550 N.E.2d 1052, 1057 (Ill. App. Ct. 1990).

Arendt does not dispute that the insurance policy application he signed for the policy that listed him as an "approved pilot" states that the applicant "represent[s] that as of the date of [the] application" that "[e]ach approved pilot named has effective Pilot and Medical Certificates and satisfies the FAA's flight review requirements." Avemco also claims that Arendt orally stated that he had a private pilot's license ("PVT") and

that he had substantial flight hours. This allegation is corroborated by documents submitted by Avemco such as an "approved pilots/pilot experience" form that shows that Arendt had received his PVT and a "pilot details" record that lists Arendt as having received his PVT and as having accrued substantial flight hours in retractable gear aircraft. Arendt denies ever making any oral representations concerning his pilot's license or flight hours. Recently, in a deposition on March 13, 2002, Avemco discovered that Arendt does not have a PVT and that in fact he is only a student pilot.

Arendt's sole argument against the claim of fraud in its answer is that Avemco waived its right to assert a fraud claim. Arendt bases this assertion on the fact that an Avemco record dated October 7, 2000, states: "10.7.00 Keith said that he was owner of a/c, but did not want to be listed as pilot . . .." However, by asking not to be listed on the policy as a pilot, Arendt did not inform Avemco that he did not have a PVT license which would have been necessary to avoid the misrepresentation made on the insurance policy application. *See Anetsberger v. Metropolitan Life Ins. Co*, 14 F.3d 1226, 1233 (7th Cir. 1994) (stating that a waiver is an intentional "relinquish[ment] of a known right").

Defendant Casper argues that the insurance application is ambiguous and that the misrepresentation was not material. We do not agree that the application is unclear, misleading or ambiguous. Neither do we agree that the misrepresentation was

immaterial. Avemco has provided ample evidence from its underwriter and other sources from which a reasonable jury would conclude that the misrepresentation was material and affected the risk undertaken by Avemco.

## CONCLUSION

Based on the foregoing analysis we grant the motion for summary judgment and declare that Avemco has no duty to defend or indemnify Keith Arendt, Kent Arendt, Executive Agent, Inc., or any other person or entity claiming to be covered under the insurance policy concerning the 1961 Piper PA-24-250 aircraft which crashed on May 28, 2001. Also, Policy No. NC-000107827700 is rescinded and void *ab initio*.

*/s/ Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: November 6, 2002